**BECKER LLC**
ATTORNEYS AT LAW

BARRY S. CRANE

MEMBER OF NJ BAR
MEMBER OF NY BAR

May 15, 2020

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8988
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

bcrane@becker.legal

**Via ECF**
Hon. Vincent F. Papalia, U.S.B.J.
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

**Re:    Laurence M. Braunstein, Debtor**
       **Case No. 18-17496 (VFP)**

Dear Judge Papalia:

As Your Honor is aware, this Firm is counsel to Eric R. Perkins, Chapter 7 Trustee (the "Trustee") in connection with this matter. Currently pending before the Court is Janney Montgomery Scott, LLC's ("Janney") motion to file certain documents under seal (the "Sealing Motion"). Please permit this correspondence to serve as a limited objection to the Sealing Motion and request to intervene (this "Objection").

After receiving a copy of the Sealing Motion and the accompanying Order shortening time, this Firm, on behalf of the Trustee, contacted Janney's counsel, Tara Schellhorn, Esq. at Riker Danzig Schrer Hyland & Perretti, LLP to obtain copies of those documents which are the subject of the Sealing Motion (the "Subject Documents"), which the Trustee agreed to hold in a confidential capacity and not disclose except after receipt of a Court Order mandating the disclosure resulting from a motion on notice to the affected parties.

On May 13, 2020, Janney, through its aforementioned counsel, agreed to confidentially producing the Subject Documents to the Trustee. However, I am advised that counsel for debtor Laurence M. Braunstein ("Debtor") has since objected to Janney's confidential production, blocking the production of the Subject Documents and necessitating the filing of this Objection.

This is just another effort to block the Trustee's administration of the Debtor's estate. In fact, the Debtor has a documented history of failing to be candid with the Trustee. By way of example, but not limitation, Debtor has failed to provide his accurate

banking information, leaving the Trustee to procure same by alternate means (revealing several previously undisclosed accounts).

The Trustee is entitled to receive copies of all documents that may impact his ability to administer the Debtor's estate. Furthermore, any documents that were executed pre-petition belong to the Debtor's estate, and thus the Trustee must be freely accessible by the Trustee. Of course, the Trustee will be bound by the same confidentiality provisions as would be the Debtor and Janney and such other requirements as the Court may deem just and proper.

So that the Trustee may so administer the Estate, the Subject Documents must be fully disclosed to him. For these reasons, especially given that Janney (the movant) consents to the disclosure of the Subject Documents to the Trustee, we respectfully request that this Court mandate the disclosure of the Subject Documents to the Trustee.

We appreciate the Court's consideration of this Objection.

Respectfully Submitted,
BECKER LLC

*/s/ Barry S. Crane*
Barry S. Crane

Enclosure

cc: Scott Rever, Esq.*, Attorney for Debtor* (via ECF and regular mail)
    Tara Schellhorn, Esq.*, Attorney for Janney* (via ECF and regular mail)