

# WASSERMAN, JURISTA & STOLZ
## ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

ROBERT B. WASSERMAN (1942-2016)
STEVEN Z. JURISTA
DANIEL M. STOLZ
LEONARD C. WALCZYK
SCOTT S. REVER**
DONALD W. CLARKE +

** ALSO MEMBER OF PA BAR
+ ALSO MEMBER OF NY BAR

OF COUNSEL
STUART M. BROWN
KENNETH L. MOSKOWITZ +
NORMAN D. KALLEN
KEITH E. MARLOWE +
HARRY M. GUTFLEISH +

110 ALLEN ROAD
SUITE 304
BASKING RIDGE, NJ 07920

www.WJSLAW.com

TEL 973-467-2700
FAX 973-467-8126

@WJSLAW.COM

May 15, 2020

By ECF and Electronic Mail
Honorable Vincent F. Papalia
United States Bankruptcy Judge
United States Bankruptcy Court
POB 1352
Newark, New Jersey 07102

    Re:    **Laurence Braunstein**
            **Case no.: 18-17496 VFP**
            **Limited Objection of Trustee to Janney's Motion to Seal**
            **Certain Documents and Request to Intervene**
            **Our file no.: 8476**

Dear Judge Papalia:

        As your Honor is aware, this office represents Laurence Braunstein, the Debtor in the above referenced matter.

        Please accept this letter in response to the Trustee's limited objection to Janney's motion to seal certain documents and request to intervene. Curiously omitted from the Trustee's objection is any explanation why the trustee would need to see confidential documents relating to post-petition transactions between the Debtor and Janney. As this court is aware, the Debtor has filed numerous motions to seal documents to protect Janney and the debtor and to protect confidential information. Now Janney has agreed to produce confidential information and documents to a third party, the Trustee. Either the information/documents subject to confidentiality provisions are confidential or they are not. Janney cannot pick and choose what is confidential and who it can provide confidential information to.

        Lastly, the Trustee makes disparaging comments about the Debtor indicating the Debtor has failed to be candid with the Trustee by failing to provide accurate bank information. Why the Trustee, an officer of this Court, would make this statement when it is

not true, is hard to comprehend. As the Court is aware, of the three bank accounts that formed the basis of the Trustee's motion to extend time to file avoidance actions, two of the accounts were listed in the Debtor's schedules and the third was closed in 2013 and is irrelevant and was not required to be listed in the schedules. The Debtor in this matter properly disclosed all information in his bankruptcy schedules, and provided bank information upon the Trustee's request that the Trustee didn't even open. The Trustee's false statement that the Debtor has been less than candid is honestly disappointing.

      I thank the Court for its consideration of the foregoing.

                              Respectfully submitted,

                              **WASSERMAN, JURISTA & STOLZ, P.C.**

                              */s/  SCOTT S. REVER*

                              SCOTT S. REVER

SSR:drm
Cc:    Barry Crane, Esq. (by email)
         Tara Schellhorn, Esq. (by email)
S:\8476 Laurence Braunstein\Janney NOM Compel Arbitration\Judge Papalia 5-15-20.Docx